[Civ. No. 60749. Second Dist., Div. Four. Sept. 18, 1981.]

HOUSEMOVING CONTRACTORS ASSOCIATION, Plaintiff and Appellant, v.
CITY OF GLENDALE, Defendant and Respondent.

COUNSEL

Crane, Humphries & Croft and Gary M. Crane for Plaintiff and Appellant.

Frank R. Manzano, City Attorney, and Scott H. Howard,. Assistant City Attorney, for Defendant and Respondent.

OPINION

KINGSLEY, Acting P. J.—Plaintiff appeals from a judgment sustaining as valid an ordinance of the defendant city. We affirm.

Plaintiff is an association of firms engaged in moving houses. In carrying out that business they transverse the streets of defendant city on

trips originating outside the city and ending beyond the city. The city ordinance herein involved provides as follows:

"Each applicant for a house mover's permit shall pay a basic fee to provide for city inspection and administrative costs. The fee shall be determined by the director of public works and approved by the city manager, based upon the reasonably anticipated costs to the city for inspection and administration of the permittee's house moving activities." It is agreed that the fees charged and collected under that ordinance are, in general, less than the actual costs to the city for administration, personnel and investigation of plaintiff's activities in the city. It is also agreed that house moving over city streets necessarily involves a danger to city facilities and property adjoining the streets greater than that involved in ordinary through traffic, and that, because house moving must be conducted at night so as to cause the minimum interference with ordinary traffic, there is an inevitable increase in the normal noise of city traffic.

■ Plaintiff's contention in the trial court, and here, is that the city's fee is preempted by the provisions of sections 4303 and 4304 of the Public Utilities Code, which provides for the imposition by the state of a license fee on intercity transportation of the type herein involved of 1/10 of 1 percent of gross revenue, part of which is paid to the city. Section 4304 provides, in pertinent part, that: "The license fee imposed by this section is in lieu of all city or city and county excise or license taxes of any kind, character, or description whatever, upon the intercity transportation business of any express corporation, freight forwarder, motor transportation broker, or person or corporation, owning or operating motor vehicles in the transportation of property for hire upon the public highways, under the jurisdiction of the commission."

We agree with the trial court that the city ordinance is not preempted by the Public Utilities Code provisions. The case law, embodied in many decisions, draws a distinction between municipal revenue taxes, which are preempted by state statutes such as are here relied on, and fees imposed by a city under its regulatory power to control and supervise a business that impose an unusual burden on the city for such services. The record here shows that the ordinance here before us is of the regulatory type and that the supervision fee thereby imposed is not preempted by the state statutes relied on by plaintiff.

The judgment is affirmed.

Woods, J., and McClosky, J., concurred.